This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jose Luis Ruvalcaba, appeals the decision of the Summit County Court of Common Pleas, denying his petition for postconviction relief. We affirm.
Jose Luis Ruvalcaba, a.k.a. Franco Ruvalcaba, is a Mexican national, who has resided in the United States for over twenty years. On March 28, 2001, the Summit County Grand Jury indicted Mr. Ruvalcaba on four counts of trafficking in marijuana, in violation of R.C. 2925.03(A). Mr. Ruvalcaba pled not guilty to the charges. Subsequently, Mr. Ruvalcaba waived his right to a jury trial, and a bench trial was held, commencing on July 18, 2000. In a verdict journalized on July 24, 2000, the trial court found Mr. Ruvalcaba guilty of all of the charges contained in the indictment. He was sentenced accordingly. On August 18, 2000, Mr. Ruvalcaba filed a timely notice of appeal. Mr. Ruvalcaba's appeal, however, was dismissed on December 15, 2000, due to his failure to timely file an appellate brief.
On December 20, 2000, Mr. Ruvalcaba filed a petition for postconviction relief in the trial court. In his petition, Mr. Ruvalcaba asserted that his conviction should be vacated under R.C. 2953.21(A)(1) because his rights guaranteed by Article 36 of the Vienna Convention on Consular Relations were violated when arresting officers failed to inform him that, as a foreign national, he had a right to contact consular officials from his home nation, Mexico. Mr. Ruvalcaba contended that, as this right was allegedly violated, the indictment should be dismissed, or, in the alternative, the evidence obtained as a result of the alleged violation of the Vienna Convention should be suppressed and a new trial ordered. He further complained that he was denied the effective assistance of trial counsel because his trial counsel did not raise the applicability of the Vienna Convention and failed to move to suppress evidence allegedly obtained in violation of the Vienna Convention. The state responded in opposition. In a decision journalized on April 24, 2001, the trial court denied Mr. Ruvalcaba's petition for postconviction relief. This appeal followed.
Mr. Ruvalcaba asserts two assignments of error. We will discuss them together to facilitate review.
 First Assignment of Error Defendant was denied his right under Article 36 of the Vienna Convention on Consular Relations (1) to have the assistance of the Mexican Consul at the time of his interrogation and throughout the ensuing criminal proceedings and (2) to be informed of these rights by the arresting authorities "without delay" when he was detained and taken into custody.
 Second Assignment of Error The conviction should be reversed because Mr. Ruvalcaba was denied the effective assistance of counsel.
In his first assignment of error, Mr. Ruvalcaba contends that he is entitled to postconviction relief under R.C. 2953.21(A)(1) because his rights guaranteed by Article 36 of the Vienna Convention on Consular Relations were violated when arresting officers failed to inform him that, as a foreign national, he had a right to contact the consul of his home nation. Similarly, in his second assignment of error, Mr. Ruvalcaba contends that he is entitled to postconviction relief because he was denied the effective assistance of trial counsel when his trial counsel failed to move to suppress certain evidence on the grounds that the state failed to advise Mr. Ruvalcaba of his right to consular assistance under the Vienna Convention. Additionally, he asserts that his trial counsel was ineffective for failing to file any pretrial motions, conduct adequate discovery, effectively cross-examine key prosecution witnesses, and advise him of possible deportation consequences as a result of the verdict. We disagree.
R.C. 2953.21 governs petitions for postconviction relief and states in relevant part:
 (A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
(Emphasis added.) However, the Ohio Supreme Court has held:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus, approving and following State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. It is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for postconviction relief if he or she could have raised the issue on direct appeal." State v. Reynolds
(1997), 79 Ohio St.3d 158, 161. Accordingly, "[t]o survive preclusion byres judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." State v. Nemchik (Mar. 8, 2000), Lorain App. No. 98CA007279, unreported, at 3; see, also, State v. Ferko (Oct. 3, 2001), Summit App. No. 20608, unreported, at 5. Additionally, regarding claims of ineffective assistance of trial counsel in postconviction proceedings, the Ohio Supreme Court has stated that where a defendant, represented bydifferent counsel on direct appeal, "fails to raise [in the direct appeal] the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, resjudicata is a proper basis for dismissing defendant's petition for postconviction relief." State v. Cole (1982), 2 Ohio St.3d 112, syllabus; see, also, State v. Lentz (1994), 70 Ohio St.3d 527, 530.
In the present case, Mr. Ruvalcaba failed to submit any evidentiary material dehors the record to support his petition for postconviction relief; instead, he relies solely upon the trial court record in making his arguments. As such, Mr. Ruvalcaba has failed to demonstrate that he could not have raised the ineffective assistance of trial counsel claims and the claims arising from the alleged violation of the Vienna Convention on direct appeal based upon information contained in the original record. See Cole, 2 Ohio St.3d at syllabus; Nemchik, supra, at 3. Significantly, Mr. Ruvalcaba was represented by counsel, other than his trial counsel, on direct appeal. Based on the foregoing, we conclude that Mr. Ruvalcaba's petition for postconviction relief is barred by resjudicata. Consequently, we cannot say that the trial court erred in denying Mr. Ruvalcaba's petition for postconviction relief. Mr. Ruvalcaba's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, J., CARR, J. CONCUR.